**SO ORDERED.**

**SIGNED this 29 day of April, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**CARL EDMUND SHAFER and
ROBIN LOUISE SHAFER,**

**DEBTORS.**

Case No. 09-00258-8-JRL
Chapter 13

_____

### ORDER

This case is before the court on the motion to avoid lien of H.F. Associates, Inc. ("H.F. Associates") and the motion for confirmation of chapter 13 plan, by the debtors. On April 22, 2009, the court held a hearing in Wilmington, North Carolina.

The debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on January 13, 2009. H.F. Associates filed a proof of claim in this case based on an arbitration award and judgment entered against the debtors on January 29, 2009 by the New Hanover County District court.[1] The debtors were not present at the arbitration hearing. On February 12, 2009, the debtors filed a motion to declare the judgment of H.F. Associates void. Subsequently, on February 27, 2009, the chapter 13 trustee moved for plan confirmation. On March 16, 2009, H.F. Associates filed an objection to confirmation for failure to provide for its judgment lien in the plan. No other objections

---

[1] H.F. Associates, Inc. v. Carl E. and Robin Shafer, Case No. 08-CVD-4912.

to confirmation were filed.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of

> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . (4) any act to create, perfect, or enforce any lien against property of the estate; and (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1), (4)-(5). Under North Carolina law, the entry in state court of a judgment directing the payment of money creates a lien on the real property in the county where the judgment is docketed. N.C. Gen. Stat. § 1-234. The debtors contend that the judgment lien of H.F. Associates is avoidable because it violated the automatic stay pursuant to § 362(a) of the Bankruptcy Code.

In support of the debtors' position, the male debtor testified before the court. At hearing, the male debtor established that the debtors rented property from H.F. Associates between May and September 2008 for the purpose of operating a restaurant. After incurring significant operating losses, the debtors alleged that they entered into an agreement with H.F. Associates for release from their rental contract. Subsequently, H.F. Associates initiated a lawsuit against the debtors for rents owed. An arbitration hearing ensued and an award and judgment were entered against the debtors in the amount of approximately $3,946.83. However, the male debtor established that the arbitration

hearing and resulting entry of judgment occurred subsequent to the filing of the debtors' petition. As a result, the debtors contend that the judgment lien is avoidable as a violation of the automatic stay.

In response, the sole shareholder of H.F. Associates, Mr. Anthony J. Heller, testified before the court. Mr. Heller asserted at hearing that he did not receive notice of the debtors' bankruptcy prior to the entry of the judgment in state court. However, the court's records reflect that notice of the debtors' petition was timely sent to H.F. Associates. Even if H.F. Associates was unaware of the debtors' bankruptcy at the time of the arbitration hearing, the court finds that operation of the automatic stay under § 362 is not contingent on the receipt of notice. See In re Clayton, 235 B.R. 801, 806 (Bankr. M.D.N.C. 1998) (citing In re Brockington, 129 B.R. 68, 70 (Bankr. D.S.C. 1991) ("The automatic stay goes into effect at the time the petition is filed, not when the creditor learns of the filing.")).

The court finds that the judgment lien of H.F. Associates is void pursuant to § 362(a). Section 362(a) provides that once a petition is filed and the automatic stay is in place, state courts are prevented from taking further action against the debtor. It follows that the state court action against the debtors for recovery of rents was stayed upon the filing of their petition and the resulting judgment lien of H.F. Associates is avoidable. However, the court finds that the proof of claim of H.F. Associates is deemed allowed pursuant to § 502(a) unless and until an objection to proof of claim is filed.

Based on the foregoing, the motion for confirmation of plan is ALLOWED. The motion to avoid the judgment lien of H.F. Associates is ALLOWED.

"END OF DOCUMENT"